# MIDDLESEX COUNTY.*

## George Davis *vs.* Thomas H. Parker.

Specific performance of an agreement to convey land may be enforced, although the defend-ant believed the land to be less in quantity than it proved to be, if he was well acquainted with it and had all the means of knowing the true quantity which the plaintiff had, and his ignorance had no influence in inducing him to make the bargain, although he would have considered it highly advantageous to himself if he had known how much land there really was; and although the plaintiff, when demanding performance of the agreement, refused to exhibit it to the defendant.

If one who has agreed to convey land with covenants of warranty and release of dower is unable to procure the release of dower, a conveyance without such release and without covenants relating to dower may be decreed, with compensation in damages.

An action of contract to enforce the specific performance of an agreement to convey land need not be brought in the county where the land lies.

After a decree has been entered for specific performance of an agreement to convey land, the cause will not be re-opened on motion of the defendant, to enable him to show, from deeds recorded before the making of the agreement, that his title was defective; espe-cially if the purchaser is willing to take a deed in conformity to the terms of the agree-ment.

If one who has agreed to convey land for a certain price refuses to accept that price when duly tendered, he will not be entitled to receive interest thereon, upon the entry of a decree in equity for a specific performance by him of his agreement, unless he can show that the purchaser has made use of the money or gained some advantage from it; although the land in question was timber land, and the litigation upon the bill in equity has lasted several years. But he will be entitled to be allowed for taxes upon the land paid by him during the pendency of the litigation.

If one who has agreed to convey land, with release of dower, is unable to procure a release of dower, the purchaser is entitled to a conveyance without such release of dower, with an abatement from the purchase money of the value of the wife's interest at the time of the conveyance.

A decree having been passed ordering the defendant to convey the land, with release of dower, and the plaintiff at the time of receiving such conveyance to pay to the defendant a certain sum in dollars; or, in case the defendant should be unable to procure a release of dower, then ordering him to convey the land without such release, and the plaintiff to pay to the defendant a sum to be ascertained by a master; and the defendant having tendered a deed with release of dower; it was *held* that this decree was to be considered as a final decree, and that a tender by the plaintiff of the specified sum in United States treasury notes was a compliance with the same on his part, and that, upon a petition by the plaintiff for the enforcement of the decree, the defendant could not be heard to insist upon his right to receive payment in gold.

---

* Foster, J., did not sit in the cases from Middlesex County.

CONTRACT. The writ was dated September 17th 1857. The declaration alleged that, on the 25th of June 1857, the defendant executed to the plaintiff a bond of the same date, the condition of which recited an agreement by the defendant, upon the payment to him by the plaintiff of a certain sum of money, in thirty days from the date of the bond, to make, execute and deliver to the plaintiff " a good and sufficient deed, with the usual covenants of warranty, release of dower," &c., of a tract of woodland, situated in Lunenburg, in the county of Worcester, containing twenty-four acres and one hundred and sixteen and one half rods, more or less, described by distances and lands of abutting owners, and in part by courses. The declaration alleged a tender by the plaintiff of the money on the twenty-fifth day of July 1857, and a refusal by the defendant to give a deed according to his agreement, and prayed for a decree for specific performance of the agreement, and concluded with a general prayer for relief in equity.

The defendant answered under oath setting forth, with other matters, that the land was incumbered with a right of way, which incumbrance he could not remove; that he had a wife living who had an inchoate right of dower in the land, which she refused to release ; that he executed the bond while under a mistake as to the quantity of land contained in the tract; that the defendant, when the tender was made and the deed demanded, desired the plaintiff to let him read the bond so referred to, and to make a copy of it, but the plaintiff wholly refused to let him do so and had refused ever since, although the defendant was ignorant of the true tenor of the bond. The defendant also alleged in his answer that, on or about the 11th of August 1857, he, to save litigation and expense, which was threatened by the plaintiff, offered to execute and deliver to the plaintiff a good and sufficient deed of his land in Lunenburg, with the usual covenants of warranty, except as against said incumbrance, but without release of dower, and then tendered to the plaintiff such a deed, being the best conveyance he was able to make to the plaintiff ; but the plaintiff wholly refused to receive the deed.

At the hearing before the judge on the whole case for a **final**

decree, it appeared that the land was incumbered by a way extending across it; that the defendant's wife had an inchoate right of dower in the premises which she refused to release; that the tract contained twenty-eight acres and one hundred and twenty rods of land, instead of twenty-four acres and one hundred and sixteen and one half rods of land, as alleged in the declaration, and as the defendant believed when he signed the bond; that the excess of four acres and three and one half rods constituted about one fourth of the valuable land; that the plaintiff at the time of making the bond knew or believed that the tract contained more land than the defendant supposed, and did not communicate such knowledge or belief to the defendant, but agreed to pay for the land about twice as much as the defendant thought it worth; that on the 25th of July 1857, the plaintiff, with witnesses, called on the defendant at his house, with the bond, and tendered the balance due to the defendant, and demanded a deed according to the bond; that the defendant, without refusing to give a deed as demanded, desired to read the bond and to take a copy of it, and actually took it in his hand and began to read it, whereupon the plaintiff snatched it out of the hand of the defendant, gave it to a man who came with the plaintiff as a witness, and told this witness to keep the bond and never let the defendant see it again, and the defendant has never seen the bond since; that the defendant did not know precisely the description in this bond, in which the boundaries of the land were expressed in part by courses and distances; that on or about the 11th of August 1857, the defendant offered the plaintiff a deed dated August 10, 1857, of his land in Lunenburg, duly executed and acknowledged, containing a covenant that the premises were free from all incumbrances, " excepting a privilege for people to pass and repass, if any there be," and also containing the other usual covenants of warranty, but without any release of dower by the defendant's wife, and then told the plaintiff that this was the best deed he could give him; and that the plaintiff refused to accept the deed, without a release of dower.

Before the case was opened, the defendant moved to **dismiss**

the action on the ground that it was local and ought not to be brought or tried in Middlesex county, but the court ordered the trial to proceed notwithstanding the motion.

The plaintiff declared his willingness to accept a conveyance of the land without including the right of way, but claimed compensation for the inchoate right of dower, unless the wife should release it.

The defendant contended that the plaintiff ought not to have a decree for specific performance, 1. Because of the defendant's mistake in the quantity of land. 2. Because of the plaintiff's refusal to let the defendant read and copy the bond, and his concealment of it afterwards. 3. Because the plaintiff before he brought this action refused to accept the deed offered by the defendant. 4. Because the action was brought in the wrong county. And he claimed that these reasons, either separately or in combination, furnished sufficient ground for refusing to the plaintiff the special remedy for which he prayed.

But the judge after hearing the parties and their evidence found as facts proved in the cause, 1. That the ignorance of the defendant of the true quantity of the land had no influence in inducing him to make the bargain, but that the defendant would have considered it highly advantageous to him if he had known how much land there really was; that he had all the means of knowing the true quantity which the plaintiff had, and was well acquainted with the land. 2. That the refusal of the plaintiff to show the bond did not prevent or hinder the defendant from performing his contract. 3. That the deed tendered was not such a one as the plaintiff was bound to accept. And he ordered that a decree should be entered that the defendant convey to the plaintiff the land described in the bond, but without the right of way above mentioned, by a deed with the other usual covenants of warranty and with a release of dower; and that 'f the wife still refused to release her inchoate right of dower, and the defendant did not therefore execute and tender such a deed, the case should then go to a master to ascertain the value of the inchoate right of dower, and afterwards judgment should be awarded for damages in the amount thus ascertained, and a

final decree entered for a conveyance without a release of dower, and excepting the right of dower from the covenants of warranty, and for the plaintiff's costs.

The defendant appealed to the whole court.

*W. P. Webster*, for the defendant.

*D. S. Richardson & G. F. Richardson*, ( *T. H. Sweetser* with them,) for the plaintiff, cited, on the question of jurisdiction, *Park* v. *Johnson*, 7 Allen, 378 ; *Irvin* v. *Gregory*, 13 Gray, 215 ; *Old Colony Railroad* v. *Evans*, 6 Gray, 25 ; *Boston & Maine Railroad* v. *Babcock*, 3 Cush. 228 ; *Brooks* v. *Wheelock*, 11 Pick. 439.

HOAR, J. The finding of the court upon the facts disposes of all the objections taken by the defendant to the equity of the plaintiff's bill. If the defendant tendered the best deed in his power to make, it was not such a deed as his contract bound him to execute, nor such as the plaintiff was required to accept. If he was unable to procure a release of dower, he should have accompanied his tender of a deed with an offer to deduct the value of the incumbrance from the purchase money. At the election of the plaintiff, there may be a decree for specific performance so far as it is in the defendant's power, *pro tanto*, and a proportionate deduction made from the purchase money for the part which cannot be specifically performed.

The only other point taken is to the jurisdiction of the court, because the suit is not brought in the county in which the land lies. No authority is cited in support of this objection to the bill ; and on the other hand several cases are referred to by the plaintiff in which such jurisdiction has been taken without objection. It is a suit to enforce a personal contract, though relating to land ; and is primarily *in personam*. It may be sustained although the land is without the limits of the state, if the court has jurisdiction of the parties. 2 Story on Eq. § 744.

*Decree for the plaintiff.*

A decree was thereupon entered that the defendant should, by March 1st 1866, convey to the plaintiff in fee simple the land described, by a good and sufficient deed, with a release of the

dower of the defendant's wife, and with the usual covenants of warranty, (except as to a certain way over the land,) and that the plaintiff, at the time of receiving said conveyance, should pay to the defendant the sum of $1395, being the balance of the purchase money therefor; but in case the defendant should be unable to procure a release of dower, then the value of such dower should be ascertained by a master and deducted from the $1395, and the defendant should make the conveyance without the release of dower, and the plaintiff should pay the balance of the $1395, after deducting the value of the dower; and that the defendant should pay the costs. And the court reserved the consideration of all further directions as to the specific performance of the agreement, until the terms of this decree should be complied with; with liberty to the parties to apply to the court as occasion should require.

The defendant thereafter moved that, to the sum of $1395 in said decree directed to be paid to him, there might be added the interest on said sum from July 1857, and also the taxes paid on the estate by him since that date.

Upon this motion evidence was taken for the plaintiff and the defendant. Certain of the witnesses testified that the land had increased in value since 1857, from the natural growth of the wood thereon, at the rate of four dollars an acre each year; and others testified that it would have been better to cut off the wood in 1857, in which case the interest of the money received therefrom and the value of the new growth would have exceeded the increased value from the growth of the old trees.

Upon this evidence, the question raised by the motion was reserved, by *Bigelow*, C. J., for the determination of the whole court, and was argued in January 1867.

*B. F. Thomas & E. A. Kelly*, for the defendant. The result in equity of a contract of sale is, that the thing sold thereupon becomes the property of the purchaser, and the purchase money the property of the vendor; whence it follows that the purchaser is entitled to the rents of the estate from the time fixed for the completion of the contract, and the vendor is entitled to

interest on the purchase money from the same time.  Fry on Specif. Perf. 377, 387, 388 ; 2 Sugd. on Vend. 793.  The plaintiff therefore is entitled to the increased value of the land since July 1857, and the defendant to interest on the purchase money. There is no case where a party has been allowed to have the rents and profits, and the interest on the purchase money.   In England the purchaser can only escape paying interest when he has appropriated the money to that particular purpose, and given notice thereof to the vendor, and in no way derived the slightest advantage therefrom.   See *Winter* v. *Blades*, 2 Sim. & Stu. 393 ; *Powell* v. *Martyr*, 8 Ves. 146 ; Fry on Specif. Perf. 379 ; 2 Sugd. on Vend. 794 ; *Roberts* v. *Massey*, 13 Ves. 561 ; *Wilson* v. *Clapham*, 1 Jac. & Walk. 38 ; *Brockenbrough* v. *Blythe*, 3 Leigh, (Va.) 638 ; *Selden* v. *James*, 6 Rand. (Va.) 465 ; *Baxter* v. *Brand*, 6 Dana, (Ky.) 296.

Clearly possession is not necessary to a perception of the rents and profits.  Suppose a cranberry meadow is not conveyed on the day fixed, but is conveyed before gathering the crop.   The purchaser would get the rents and profits.   If it be true that the best use of the land was to let the wood and timber thereon grow, then the plaintiff gets the rents and profits by taking a conveyance now.   All that the court is asked to do is, to apply a settled rule to a new condition of things.   The plaintiff will get the benefit accruing from the natural growth of the wood.  This clearly is in the nature of rents and profits.  If it was not the best possible use of the land, to let the wood and timber thereon grow, then the only result is that the plaintiff will not get all the rents and profits that might have been obtained. Even in that case, it will avail the plaintiff only to the extent of the difference of profits between the one course and the other. The question therefore is, shall the plaintiff have interest in addition to the growth of the wood and timber ?

The defendant is also entitled to reimbursement for the amount expended by him in paying the taxes.

*D. S. Richardson*, for the plaintiff.   The pleadings admit a tender of the purchase money by the plaintiff, and a refusal by the defendant.   It was the defendant's fault that he did not

Davis *v.* Parker.

receive his money. His resistance to the plaintiff has been founded on no incidental cause, entitling him to any equitable relief, but a persistent determination never to make any conveyance according to his contract. The defendant, by resisting the conveyance, controlled the management of the land, and prevented the plaintiff from cutting off the wood years ago. The plaintiff has been in no fault. He has always been ready to perform his contract.

It is said, the land has increased in value. The answer is, the defendant ran his own risk in not taking the money. He refused to take the amount tendered, in the hope of a more profitable result. He took his chance; and has lost. This is not a case where there has been any actual receipt of rents, but only an increase of value. What is that to the defendant? He has had no right even to look at the land since July 1857. Suppose that a fire had burned off the wood; whose would have been the loss? The estimates of the values of woodlots are variable, and may be changed within a month. It is the defendant who has been in fault. He asks for money, which is certain; and is to convey a woodlot, which may fall in value.

If the defendant has paid taxes on the woodlot, the plaintiff has done the same on the money held by him.

It has been expressly settled that no interest will be allowed when there have been a demand and refusal. *January* v. *Martin*, 1 Bibb, (Ky.) 586. *Hart* v. *Brand*, 1 A. K. Marsh. 159 *Stevenson* v. *Maxwell*, 2 Sandf. Ch. 277. 2 Sugd. on Vend. 793, *note* 2.

After the above argument, the defendant presented a petition for a rehearing of the cause, for reasons stated in the opinion.

CHAPMAN, J. The defendant presents a petition for a rehearing of the cause on several alleged grounds. But only one of them has been urged at the argument, and the others are not sufficiently sustained by evidence to require any notice. The ground now relied upon is that the defendant entered into his contract to sell the land under a mistake in respect to its quantity; that he supposed it to contain twenty-four acres and one

hundred and sixty rods, whereas in fact it contained twenty-eight acres.

It appears that the defendant had been dissatisfied with the valuation of the land by the assessors, and had filed a petition with the county commissioners for an abatement of the taxes which had been assessed upon it. It was a tract of woodland, and contained several pond holes and swamps. At the hearing it was for his interest to depreciate its value as much as possible. To sustain his position that it was over-valued by the assessors, he caused a survey of the pond holes and swamps to be made, but not a survey of the whole land. The surveyor then took his deeds of the land, and, making a plan which corresponded with the descriptions contained in them, and calculating the whole area, and then deducting from it the quantity included in the pond holes and swamps, estimated the quantity to be twenty-four acres and one hundred and sixty rods. This estimate was offered in evidence before the county commissioners to prove the quantity of the land. It is obvious that it could not be very reliable, as to the pond holes and swamps, the borders of which are not usually very definite; nor as to the external boundaries, the descriptions of which in deeds of woodland are seldom very exact.

After the hearing, the defendant and his brother who was assisting him began a conversation in which they censured those who had testified against him. In this conversation he was told that there was more land than he pretended, and was thus put upon inquiry as to the matter. He had attempted to prove at the hearing that it was worth only from $600 to $1000, and his offer to sell it for $1595 stated a price which was far beyond what he supposed its value to be. The plaintiff accepted his offer, and the written agreement was prepared by his own attorney; and the words "more or less" being omitted in the original draft of the land, as descriptive of the quantity of the land, the plaintiff insisted on their being inserted, and the defendant con sented to it. He thereby assumed the risk of there being more land than he supposed there was. The agreement was executed **June 25, 1857**; and when the plaintiff demanded **performance,**

the defendant put his refusal to perform on other grounds. He had long been intimately acquainted with the land, and must have known its substantial value, even if he did not know its exact quantity. He did not cause another survey to be made till after the commencement of this suit in the following September, and it was then done for the purpose of establishing a defence to the suit. Upon the whole evidence the court are fully satisfied that the exact quantity of the land had no influence upon the price for which he offered it, and that he was not under any mistake which varied his offer in the slightest degree. As he does not now establish his case by evidence, his allegations as to omissions of his counsel to offer evidence, and the manner in which his defence was conducted at the trial, become immaterial.

He also presents a motion for a reference of the cause to a master to investigate his title, alleging that the title is defective, and that for that reason a decree for a conveyance ought not to be made. To sustain this motion he offers in evidence copies of certain registered deeds ; and contends that it appears from them that his grantors had no title.

But as these deeds were all registered, he must be charged with knowledge of them from the time of his purchase. He had knowledge of them when he made his contract with the plaintiff, and accepted part of the purchase money, and when he filed his answer and tried his cause. A decree for a specific performance of his contract has been made, and it is now too late for him to allege the defect for the first time for the purpose of enabling him to avoid the effect of the decree. The plaintiff being willing to take a deed in conformity with the terms of the contract, and no adverse claimant having appeared, the cause cannot be re-opened for the reason alleged in the motion.

But it is further true that, as the evidence now stands, it is insufficient to establish the fact that his title is defective. It does not appear that the titles which appear, by the registered deeds that are produced, to be outstanding, have not been conveyed by deeds not produced, either to him or some of his grantors ; nor even that such conveyances are not on record.

Nor does it appear that the land, having formerly been cleared, is not his by adverse possession. The evidence falls far short of establishing the existence of any adverse outstanding title.

The defendant contends that if a conveyance is decreed, the plaintiff ought to pay interest on the purchase money, although he tendered it and the defendant refused to accept it; because, as the land is covered with timber which has been growing during the whole period of the litigation, he will, upon receiving his conveyance, have the full benefit of the growth, which will be equivalent to rents and profits. The plaintiff has on the other hand introduced evidence tending to show that the wood ought to have been cut soon after the deed was to be delivered. But we need not discuss that matter. After a tender and refusal, the vendor is not entitled to interest unless he can show that the purchaser has made use of the money, or gained some advantage from it. 2 Sugd. on Vend. 793. No such evidence has been offered in this case.

The defendant proves that he has paid $140 for taxes during the pendency of the litigation; and as the taxes were assessed upon the estate, and the payment was for the benefit of the estate, we think it ought to be allowed.

The defendant alleges that he is unable to procure a release of his wife's right of dower in the land. If this be so, the plaintiff is entitled to a conveyance without this right, if he elects to receive it, and to a deduction from the purchase money, of the value of the incumbrance. The general rule, as stated in *Hill* v. *Buckley,* 17 Ves. 394, is that the purchaser shall have what the vendor can give; with an abatement out of the purchase money for so much as the quantity falls short of the representation. The principle applies to an incumbrance of any amount. The amount to be deducted is the value of the wife's right at the time of the conveyance, and not the difference between the market value of the whole land with her release, and the value without it. The rule should be the same as if the conveyance had been made with a warranty against the right of dower, and the existence of the right had afterwards been discovered and an action had been brought to recover damages

for a breach of the covenant. See *Woodbury* v. *Luddy, ante,* **1.** If the defendant cannot, by a day to be fixed in the decree, obtain a release of his wife's right of dower, the cause should be sent to a master to ascertain the value of the right, and the sum fixed must be deducted from the purchase money. A decree is to be entered modifying the former decree, according to the principles herein stated, and the petition for rehearing and the motion to refer are overruled.

On the 25th of February 1867, the plaintiff presented a petition setting forth that the time fixed for the specific performance of the contract declared on had expired, and that the defendant had neglected and refused to make the conveyance to the plaintiff as therein directed, and to comply with the terms of the decree, although the plaintiff was and still continued ready and willing to comply with the same on his part; and praying the court to compel the defendant to perform the same.

The defendant filed an answer to the petition, stating that on the 25th of July 1857 the plaintiff made the tender alleged in his bill in gold coin; that on the 19th of February 1867 the plaintiff and defendant met, each party professing to be ready to perform the decree, and the defendant thereupon requested of the plaintiff the production and delivery to him of the gold coin theretofore tendered, and at the same time exhibited and read to the plaintiff a good and sufficient deed of the land, with release of dower, and with the usual covenants of warranty, (except as to the right of way before mentioned,) as the deed which he was ready to deliver upon receipt of the said coin; that the plaintiff did not produce or deliver said coin, but produced and offered, in payment of the unpaid purchase money, the amount thereof in United States treasury notes, which the defendant, declined to receive : that the defendant thereupon informed the plaintiff that he would not insist upon the production of the identical gold tendered by the plaintiff to the defendant in 1857, and would accept other gold coin in place thereof, but the plaintiff declined to tender any gold coin, and made no other offer to pay than as aforesaid.

The defendant thereupon contended that he was entitled to

receive, as the price or purchase money, the gold coin tendered in 1857, or other gold coin ; and that, the plaintiff having declined to perform the agreement on his part, and the decree of the court, the said agreement and decree were no longer binding upon the defendant.

The matter was thereupon reserved for the consideration of the whole court ; it being agreed that the facts stated in the answer were true.

*T. H. Sweetser & D. S. Richardson,* for the plaintiff.

*B. F. Thomas & E. A. Kelly,* for the defendant.

CHAPMAN, J. The present hearing is upon a petition of the plaintiff for the enforcement of the decree which was passed in the cause, requiring the defendant, by the 20th of February 1867, to convey to the plaintiff the real estate described in the bill, and also requiring the plaintiff, at the time of receiving the conveyance, to pay the defendant a certain sum of money. The decree did not specify the currency in which the payment was to be made. If the defendant had desired such specification to be made, he had an opportunity to be heard on that point before the decree was passed. It was an alternative decree, requiring a deed with a release of dower, if such release could be obtained. If it could not be obtained, it provided for sending the cause to a master to determine the amount which should be deducted from the purchase money. In that event, the decree could not be final; but if the release could be obtained, it was in substance final. It left nothing to be done but performance by the delivery of the deed and the payment of the money. The defendant did procure the release, and was able to perform on his part. The plaintiff made a tender in treasury notes. As the decree stands, this tender was sufficient. *Essex Company* v. *Pacific Mills, post,* 389. *Sears* v. *Dewing, post,* 413.

Upon the present hearing, no question is open as to the form of the decree. The question whether it ought to have required the plaintiff to pay in coin cannot be considered upon the petition to enforce the decree. *Pingree* v. *Coffin,* 12 Gray, 288. The plaintiff having made a tender in conformity with the terms of the decree, is entitled to the delivery of the deed.

*Decree for the plaintiff.*