## ELIZABETH I. CROCKETT v. B. GRAY.

VENDOR AND VENDEE — *Refusal to Convey — Interest on Purchase-Money.* When a vendor refuses to convey real estate according to his agreement, and keeps the vendee out of possession, and the rents and profits are less than the interest on the purchase-money, the vendor will not be allowed such interest, but will take the *interim* rents and profits.

*Error from Douglas District Court.*

ACTION brought by *B. Gray* against *Elizabeth I. Crockett* and two others, to compel them to convey to him certain real estate. Judgment for the plaintiff, at the November term, 1886. The defendant *Crockett* brings the case here. The material facts are stated in *Gray v. Crockett*, 30 Kas. 138; *Crockett v. Gray*, 31 id. 346; *Gray v. Crockett*, 35 id. 66, 686; and in the opinion herein.

*Stevens & Stevens*, for plaintiff in error.

*N. Cree*, and *L. B. & S. E. Wheat*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This is the fifth time that this case has been before this court for consideration. (*Gray v. Crockett*, 30 Kas. 138; *Crockett v. Gray*, 31 id. 346; *Gray v. Crockett*, 35

id. 66; *Gray v. Crockett*, 35 id. 686.) A preliminary question is raised. It is said there is not such a transcript filed as is required by the statute. The point is well taken; but upon the motion filed by the counsel for the defendant in error, and consented to by the opposing parties, the transcript in the case of *Gray v. Crockett*, 35 Kas. 66, is treated as a part of the transcript filed in this case, and being so considered, we have before us a full and complete transcript.

If the original contract had been carried out in good faith by Gray and H. C. Long, Gray would have paid Long five hundred dollars on the 28th of April, 1881; fifteen hundred dollars, July 28, 1881; and six thousand dollars, less the value of the homestead acre, in three years from April 22, 1881, with interest at eight per cent. from that date. Gray was also to pay Armstrong a commission of one hundred dollars, and was to have possession when two thousand dollars were paid; hence he would have been entitled to possession on July 28, 1881. A deed was to be given by Long, and Gray was to execute a mortgage to him for balance, due in three years, with eight per cent. interest; Gray to have the privilege of paying the whole or part sooner. Long and wife made no conveyance, and never offered to convey. Gray brought his action for specific performance on March 3, 1882, and the case has been in the courts ever since — over six years.

The trial court, in its decree for specific performance, required Gray to pay at once into court the sum of $500; also $66 for taxes paid by Elizabeth I. Crockett, and $100 for Armstrong's commission; also $1,500 in ninety days; and to deposit in court, for delivery to Elizabeth I. Crockett, his note in the sum of $5,500, ($500 being abated on account of the homestead acre,) payable three years from date, with interest at eight per cent. per annum, payable annually; said note to be secured by a mortgage upon the premises sold to Gray by Long. Under said decree, Gray was also to have the privilege to pay the mortgage, or any part thereof, prior to the maturity of the note secured by the mortgage. It was shown by the evidence before the trial court, that the rental value of

the premises, from July 23, 1881, to April 1, 1884, was $120 per annum; and from that time to November, 1886, the rental value was $170 per annum.

The contention upon the part of counsel for the Longs and Mrs. Crockett is, that Gray should have been required by the decree of the trial court to pay the total $8,000, (less the value of the homestead acre,) with interest thereon from April 22, 1881.

On the other hand, it is claimed that the court entered the proper judgment under the circumstances of the case, because Long and wife failed to give Gray possession of the premises; and also failed to perform according to the provisions of Long's contract; but, on the contrary, conveyed the premises to Elizabeth I. Crockett, who had notice of Gray's contract with Long.

"The result in equity of a contract of sale is that the thing sold thereupon becomes the property of the purchaser, and the purchase-money the property of the vendor; whence it follows that the purchaser is entitled to the rents of the estate from the time fixed for completion, and the vendor is entitled to interest on the purchase-money from the same time. In a word, the estate and the purchase-money are things mutually exclusive, and neither party can at the same time be entitled to the enjoyment of both."

"*Prima facie,* and in the absence of stipulation, the time fixed for the completion of the contract is the time from which the purchaser is entitled to the rents, and is liable to the payment of interest. But this is liable to exceptions."

" Where the interest is much more in amount than the rents and profits, and the delay in completion is clearly made out to have been occasioned by the vendor, the court, to prevent the vendor from gaining an advantage by his own wrong, gives him no interest, but leaves him in possession of the interim rents."

(Fry, Spec. Perform., §§ 889, 891, 892; Pomeroy, Spec. Perform., §§ 429–431; *Davis v. Parker,* 96 Mass. 94; *King v. Ruckman,* 24 N. J. Eq. 556; *Worrall v. Munn,* 38 N. Y. 137.)

In this case, it appears that by Long's refusal to convey, Gray has been kept out of possession of the premises, and also from all use or improvement of the same. As the rents

and profits were less than the interest on the purchase-money, within the authorities cited Long cannot be allowed interest, but will be permitted to retain the rents and profits. In this respect, the decree of the court is not erroneous. However, as Gray is not liable for interest, it appears to us that he should be required to pay Long, or deposit in court, upon the entry of the decree for specific performance, all that is due from him for the premises; and the court erred in extending the payment of any money for ninety days, and also erred in permitting Gray to execute his note, secured by a mortgage, payable in three years, with interest. The contract was made on April 28, 1881, and more than three years have already expired. Long, by his refusal to convey, has lost all interest from 1881; but he should not suffer further loss by the postponement of the payment of the amount due upon the land, after entry of the decree. The decree of the court will be so re-framed as to require Gray to pay Long, or deposit in court, all that is due for the premises, upon the entry of the decree for specific performance.

There has been no cross-petition filed upon the part of Gray, and hence we shall not pass upon any of the errors alleged by his attorneys.

It is stated in the briefs that H. C. Long has recently died; this, however, does not appear from the record. If he has deceased, as stated, we suppose that the action will be revived against his proper representatives. If Mrs. Long or Mrs. Crockett, is now, by the death of Long, a tenant-in-common with Gray, then of course he will not be entitled to the exclusive possession of the premises as against a co-tenant.

The decree and judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.